UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL RASMUSSEN,

                         Petitioner,         **DECISION AND ORDER**
      -vs-                                                          **No. 09-CV-0808(VEB)**

DALE ARTUS,

                         Respondent.
_____

**I.      Introduction**

**II.     Factual Background and Procedural History**

Under Superior Court Information No. 26881, Petitioner was charged with one count of burglary in the second degree (New York Penal Law § 140.25(2)). On June 13, 2006, Petitioner waived indictment and pleaded guilty as charged; several other burglaries committed on the same date in the same neighborhood were encompassed within the plea agreement. On November 9, 2006, Petitioner was sentenced as a second felony offender to an eight-year term of incarceration, to be followed by five years of post-release supervision, which was the maximum contemplated by the trial judge as explained to Petitioner during the plea colloquy.

On direct appeal, Petitioner argued that his waiver of the right to appeal was invalid and that his sentence was harsh and excessive. Petitioner also filed a *pro se* supplemental appellate brief, claiming that his sentence violated the terms of the plea agreement. By an order dated April 25, 2008, the Appellate Division, Fourth Department unanimously and summarily affirmed the judgment of conviction. *People v. Rasmussen*, 50 A.D.3d 1603 (App. Div. 4th Dept. 2008).

By an order dated September 9, 2008, the New York Court of Appeals denied Petitioner's

application for a certificate granting leave to appeal. *People v. Ramussen*, 11 N.Y.3d 793 (N.Y. 2008).

This timely Federal habeas corpus petition followed in which Rasmussen presents two grounds for relief: (1) the sentence violated the plea agreement, rendering his guilty plea involuntary, not knowing, and not intelligent; and (2) appellate counsel provided ineffective assistance. Respondent argues that Petitioner's claims are unexhausted. In any event, Respondent argues, the the claim that the plea agreement was violated defies the record, which shows Petitioner was sentenced consistently with his understanding; and Petitioner has failed to establish that appellate counsel was ineffective. Petitioner in his reply papers asserts that he is not seeking release from custody but rather to be sentenced in accordance with the terms of the plea agreement, which he claims contemplated a maximum jail term of five years.  Petitioner also disputes Respondent's arguments regarding exhaustion and procedural default.  The parties have consented to final disposition of this matter by the undersigned.

For the reasons that follow, the petition is dismissed.

### III. Discussion

#### A. Exhaustion

In the present case, Respondent has raised the defense of non-exhaustion with regard to both of Rasmussen's claims.  Given the district court's discretion to deny unexhausted claims on the merits, 28 U.S.C. § 2254(b)(2) , and the fact that Petitioner's unexhausted claims are "plainly meritless," *Rhines v. Weber*, 544 U.S. 258, 277 (2005) (holding that it would be an abuse of discretion to grant a stay where the petitioner's unexhausted claims in a "mixed" petition are plainly meritless), the Court will dispose of the claims on the merits since the underlying issues

are easily resolved against Rasmussen under any standard of review. *See also Boddie v. New York State Div. of Parole*, 285 F. Supp.2d 421, 428 (S.D.N.Y.2003) (finding that "thorny issue" of exhaustion "need not be addressed" since underlying habeas claims were without merit); *Brown v. Thomas*, No. 02 Civ. 9257(GEL), 2003 WL 941940, at *1 (S.D.N.Y. Mar.10, 2003) (declining to resolve complicated exhaustion issue in parole denial case and noting that in habeas corpus cases "potentially complex and difficult issues about the various obstacles to reaching the merits should not be allowed to obscure the fact that the underlying claims are totally without merit").

### B. Ground One: Violation of the Plea Agreement

Petitioner contends that the terms of the plea bargain, as he understood them, were violated. From an off-the record conversation had allegedly had with defense counsel and an ambiguous on-the-record statement made by the prosecutor at the plea hearing, Rasmussen concocts a claim that he had understood his plea agreement to be capped at a five year sentence, which was the statutory minimum for the offense with which he was charged.

Rasmussen has not provided any documentation from his trial attorney to substantiate the alleged off-the-record conversation to which he refers. The single remark by the prosecutor upon which he bases his claim is at most ambiguous and is overridden by his own sworn admissions during the colloquy, which are set forth below:

| | |
|---|---|
| The Court: | What you're pleading guilty to is burglary in the second degree, that's a class C violent felony offense. You face a maximum of fifteen years in jail as a determinate sentence, and a period of post-release supervision of five years and a fine of five thousand dollars. Do you understand that's the maximum? |
| The Defendant: | Yes, sir. |

| | |
|---|---|
| The Court: | I've talked to your attorney and I've talked to the Assistant D.A. and what I've told them and what I will commit to you is when you come back for sentence, your sentence or the maximum jail sentence I will impose will be a determinate sentence of eight years and a period of post-release supervision of five years. It may be less than that, but that's the maximum I will impose. Do you understand that? |
| The Defendant: | Yes. |
| The Court: | Has anyone from the Court, your attorney or his office, or anyone else made any other promises or commitments as to what your sentence is going to be, other than what I just told you? |
| The Defendant: | No, sir. |
| The Court: | Ms. Tagliafierro, if the People had to prove the single count of the indictment, what would the People's proof be? |
| Ms. Tagliafierro: | Your Honor, that the defendant on March 27th of the year 2006 while at 145 Le Brun Circle in the Town of Amherst, knowingly entered unlawfully into that dwelling at 145 Le Brun Circle, that being the home of Bonita Lupu[,] with the intent to commit a crime therein. |
| The Court: | What are the reasons for the People recommending the plea? |
| Ms. Tagliafierro: | *The defendant will be facing a minimum maximum sentence of five years incarceration.* |
| The Court: | And as we discussed earlier, this plea also includes the two other burglaries that occurred on the same date, March 27th of 2006, at 445 and 527 Le Brun, you understand that Mr. Rasmussen, is that correct? |
| The Defendant: | I'm sorry, sir. I lost you. |
| The Court: | All right. I just wanted to clarify that you understand this plea also includes any possible charges against for those two other burglaries on the same date at 445 and 527 Le Brun. |
| The Defendant: | I understand. |

Petitioner went on to acknowledge that he was entering into the plea absent threats or coercion; that his decision was knowing, voluntary, and intelligently made after satisfactory consultation with his attorney; and that he was aware of which constitutional rights he would be forfeiting by pleading guilty.

-4-

Petitioner has seized upon the statement (in italics above) of the prosecutor, "[t]he defendant will be facing a minimum maximum sentence of five years incarceration," as the sole basis for his claim that he actually was promised a maximum term of incarceration of five years. Granted, the statement, as transcribed in record, is confusing. However, it seems likely that it represents an erroneous transcription of the prosecutor's actual words, since neither the judge, nor defense counsel, nor Rasmussen himself asked for clarification. Another possibility is that the prosecutor simply mis-spoke.

Furthermore, the statement cannot be viewed in isolation or taken out of context. It must be emphasized that the trial judge, moments earlier, had carefully explained to Rasmussen that the maximum he would impose when Rasmussen came back for sentencing was eight years and allowed that it "might" be less than eight years. Rasmussen explicitly affirmed that he understood his maximum term would be eight years. Rasmussen also confirmed that he had not been made any other promises regarding the maximum sentence which he would receive, apart from what the judge had just explained to him.

In short, the record confirms that Rasmussen entered into the plea having been informed by the court that the potential maximum sentence for his crime would be fifteen years, and that the trial court had agreed to cap his sentence at eight years. The trial court explained to Petitioner that there was a possibility his sentence could be less, but that the cap was eight years. Petitioner unambiguously acknowledged his understanding of this simple arrangement. As Respondent points out, at sentencing, defense counsel referenced Petitioner's understanding of the plea bargain–specifically, that the trial court had agreed to cap his sentence at eight years. When permitted to address the court, Petitioner made no effort to contradict defense counsel.

### C. Ground Two: Ineffective Assistance of Appellate Counsel

To succeed on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), a petitioner has to show that his lawyer's conduct "so undermined the proper functioning of the adversarial process" that the process "cannot be relied on as having produced a just result." Specifically, a petitioner must show that "(1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) he was prejudiced by counsel's deficient performance." *Id.* The *Strickland* standard applies to claims of ineffective assistance of appellate counsel on a defendant's first appeal as of right, as well. *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (citing *Evitts v. Lucey,* 469 U.S. 387, 396-97 (1985)). "[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Petitioner claims that appellate counsel was ineffective for not advancing the argument contained in Ground One of his habeas petition–namely, that the trial court breached the plea agreement by not sentencing him to a five-year term of incarceration followed by five years of post-release supervision. Because this claim was unpreserved and based on matters outside the records, appellate counsel was entirely reasonable in declining to raise it.

Here, Rasmussen did not object to his sentence at the time it was imposed. Nor did he make a motion to vacate the plea. Thus, his claim that the trial court violated the plea agreement was not preserved for appellate review. *See*, *e.g.*, *People v. Saxon,* 28 A.D.3d 330, 331 (App. Div. 1st Dept. 2006) (" Even assuming that defendant's contention that the prosecution breached the plea agreement is not foreclosed by his waiver of his right to appeal, it is not preserved for

appellate review due to his failure to move, at sentencing, to withdraw his plea or even to request a hearing before sentence was imposed[.]") (citations omitted). Without question, appellate counsel's decision as to whether to raise a particular claim is properly affected if the claim is unpreserved. Although the Appellate Division is authorized under N.Y. CRIM. PROC. LAW § 470.15(3) & (6) to exercise its discretion to review unpreserved claims "in the interests of justice," "New York permits review of the merits of claims not raised in the trial court only sparingly," and "interests of justice" review is not routinely performed. *Quirama v. Michele*, 983 F.2d 12, 14 (2d Cir. 1993) (citing *Martinez v. Harris*, 675 F.2d 51 (2d Cir.1982) (citing *People v. Robinson*, 36 N.Y.2d 224 (N.Y. 1975)). Given the clear lack of preservation, it cannot be said that appellate counsel was unreasonable in declining to include the claim in her appellate brief. *See Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir. 2001) (holding that appellate counsel was not ineffective for failing to raise a claim of Double Jeopardy that clearly had been waived at the trial level and therefore not preserved for appellate review); *Clarke v. Goord*, No. 07-CV-0366, 2007 WL 2324965, at *6 (E.D.N.Y. Aug. 10, 2007); Where, as here, there is no basis to conclude that the appellate court would have considered the issue on the merits, Rasmussen cannot demonstrate that the outcome of the appeal would have been different had an unpreserved issue been raised.

Furthermore, Rasmussen wished to adduce non-record support for his claim regarding his understanding of the plea bargain. As appellate counsel thoroughly explained to him by letter, the Appellate Division does not consider evidence *dehors*[1] the record on direct appeal. Therefore it

---

[1] "'Dehors' means outside of the trial or sentencing minutes. The facts must be off-the-record to constitute 'dehors' the record evidence."

would not be fruitful to include an argument based explicitly on information not contained within the trial/plea and sentencing minutes. *E.g.*, *People v. Steven B.*, 81 A.D.3d 843, 843, 916 N.Y.S.2d 832, 2011 N.Y. Slip Op. 01295 (App. Div. 2d Dept. 2011) ("The defendant's claims that he was deprived of effective assistance of counsel and that he is entitled to specific performance of an off-the-record agreement rest on matter *dehors* the record and, thus, may not be reviewed on direct appeal[.]") (citing, *inter alia*, *People v. Vincent*, 80 A.D.3d 633, 914 N.Y.S.2d 298, 300 (App. Div. 2d Dept. 2011)); *see also Pearson v. Ercole*, No. CV-06-5315(BMC), 2007 WL 2128350, at *15 (E.D.N.Y. July 25, 2007) ("It is well established in New York practice that claimed errors that require consideration of evidence outside of the record are not properly raised on direct appeal.") (citing, *inter alia*, *People v. Harris*, 1 A.D.3d 881, 767 N.Y.S.2d 725 (App. Div. 4th Dept. 2003)).

Assigned appellate counsel filed a well-written, well-argued, thorough brief arguing that his client's appellate rights waiver was invalid and the sentence was harsh and excessive. These were the only two colorable arguments available to counsel here.

**IV.     Conclusion**

For the foregoing reasons, Michael Rasmussen's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed. Because Rasmussen has failed to make a substantial showing of a denial of a constitutional right, I decline to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:     May 10, 2011
                Buffalo, New York